**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

EUGENE L. REED,

*Plaintiff,*

v.

**Case No.: 6:17CV00059**

BEVERLY HILLS PORSCHE, ET AL.

*Defendants.*

---

**PRELIMINARY MOTION TO COMPEL TESTIMONY IN DEPOSITION**

1. Now into Court, through undersigned counsel, comes the Plaintiff, Eugene L. Reed, and preliminarily moves the Court to compel answers to questions posed to deponent Macaulay Bruton.

2. This motion is made on a "preliminary" basis because the deposition of Macaulay Bruton was taken today, January 4, 2018. At the deposition both local Lynchburg counsel and California counsel for Beverly Hills Porsche repeatedly directed deponent Macaulay Bruton not to answer questions posed by Mr. Reed's counsel.

3. Counsel for Mr. Reed ordered the transcript of Mr. Bruton's deposition immediately at the conclusion of the deposition, but was informed by the court reporter it will take a week to receive it. Upon receipt of the transcript, counsel for Mr. Reed will file a "complete" Motion to Compel Testimony in Deposition. It is not possible to file a "complete" Motion to Compel Deposition Testimony without the transcript of the deposition.

4. Rule 37 of the Federal Rules of Civil Procedure provides for a Motion for an Order Compelling Discovery. Such a motion is allowed when "*a deponent fails to answer a question asked under Rule 30 or 31*". See, FRCP 37(3)(B)(i).

5. FRCP 30(c)(2) provides:

> *"(2)* ***Objections****. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record,* ***but the examination still proceeds; the testimony is taken subject to any objection.*** *An objection must be stated concisely in a nonargumentative and nonsuggestive manner.* ***A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).****"* (Emphasis added).

6. The lawyers for Beverly Hills Porsche did not assert any privilege when instructing the deponent not to answer. The lawyers for Beverly Hills Porsche did not seek to present a motion under Rule 30(d)(3). The lawyers representing Beverly Hills Porsche asserted the questions which they instructed the deponent not to answer were outside the scope of the discovery allowed by the Court. In order for the Court to assess and rule upon the merits of the issues presented here, the Court must have the transcript.

7. FRCP 37(a)(1) requires that any motion to compel discovery "*must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.*" Undersigned counsel certifies that he met in person with attorney John Falcone, and via teleconference with attorney Terri Macellaro in an effort to obtain the required discovery without court action. This is shown in the deposition of Mr. Bruton, and occurred off the record at the same deposition, all to no avail.

8. Undersigned counsel will promptly file a "complete" Motion to Compel after receipt of the transcript relevant to this motion.

Respectfully Submitted,

EUGENE L. REED

By: ______________________
Of Counsel

James B. Feinman, Esquire
VSB#: 28125
James B. Feinman, Attorney At Law
1003 Church Street
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603- Telephone
(434) 846-0158- Facsimile
jb@jfeinman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2018, I sent the foregoing Preliminary Motion to Compel Testimony in Deposition to the following: Amy Miles Kowalski at akowalski@pldrlaw.com ; John Ernest Falcone at jfalcone@pldrlaw.com; James Hall Revere, III at jh.revere@kpmlaw.com.

______________________
James B. Feinman, Esq.